1 | MALIK ALI MUHAMMAD  V-37398

2 | CALIFORNIA REHABILITATION CENTER 402-11L

3 | P.O. BOX 3535

4 | NORCO, CALIFORNIA 92860

5 |

6 | PLAINTIFF IN PERSONA

7 |

8 |

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 |

12 |

13 | MALIK ALI MUHAMMAD,          CASE NO.

14 |        PLAINTIFF,

15 |                             COMPLAINT FOR DENIAL OF

16 |    VS.                      CIVIL RIGHTS [42 U.S.C. §1983]

17 |                             [42 U.S.C. §1985(3)] CALIF. CIVIL

18 | J. TRUJIA, CAPTAIN;          CODE [52.3]; FALSE IMPRISONMENT;

19 | N.W. TAYLOR, LIEUTENANT;     MALICIOUS PROSECUTION;

20 | M. PADECILLAS, COUNSELOR I;  ABUSE OF PROCESS; INTENTIONAL

21 | SUED IN THEIR INDIVIDUAL      INFLICTION OF EMOTIONAL

22 | CAPACITIES; CITIGROUP INC.;   DISTRESS; DECLARATORY AND

23 | CHARLES PRINCE;              INJUNCTIVE RELIEF

24 | DOES 1 THROUGH 20,

25 |        DEFENDANTS.           [DEMAND FOR JURY TRIAL]

26 |

27 |

28 |

-1-

1  PLAINTIFF, MALIK ALI MUHAMMAD, BRINGS THIS COMPLAINT

2  AGAINST DEFENDANTS AS FOLLOWS:

3

4              INTRODUCTION AND PARTIES

5

6  PLAINTIFF HAS BEEN WRONGFULLY DENIED HIS RIGHTS

7  OF FREE SPEECH AND TO REDRESS OF GRIEVANCES AND

8  TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW

9  AS GUARANTEED BY THE 1ST, 5TH AND 14TH AMEND-

10  MENTS TO THE UNITED STATES CONSTITUTION.

11

12    1. PLAINTIFF, MALIK ALI MUHAMMAD, IS, AND WAS AT ALL

13  TIMES MENTIONED WITHIN THIS COMPLAINT, A CITIZEN OF THE

14  UNITED STATES OF AMERICA.

15    2. UNLESS OTHERWISE STATED, AT ALL TIMES MENTIONED HEREIN,

16  PLAINTIFF WAS A CALIFORNIA DEPARTMENT OF CORRECTIONS AND

17  REHABILITATION (HEREINAFTER, CDC*R) PRISONER, CDC*R NO. V-37398

18  AND WAS INCARCERATED AT THE CDC*R RECEPTION CENTER,

19  SAN QUENTIN, CALIFORNIA.

20    3. PLAINTIFF IS, AND, AT ALL TIMES MENTIONED WITHIN THIS

21  COMPLAINT, WAS A DEVOUT MUSLIM AND ADHERENT TO THE TENETS

22  OF HIS CHOSEN RELIGION OF AL-ISLAM.

23    4. DEFENDANT, J. RUBIA, WAS AT ALL TIMES MENTIONED WITHIN

24  THIS COMPLAINT, A CAPTAIN AT THE CDC*R RECEPTION CENTER,

25  SAN QUENTIN, CALIFORNIA AND DIRECTLY RESPONSIBLE FOR ALL

26  OPERATIONS WITHIN THE UNIT. THESE RESPONSIBILITIES INCLUDE,

27  BUT ARE NOT LIMITED TO, THE ADOPTION OF FORMAL AND INFORMAL

28  POLICIES AND PROCEDURES AND THE SUPERVISION, TRAINING AND

1  CONTROL OF THE SUBORDINATES THEREIN, DEFENDANT, J. RUBIA, IS SUED

2  IN HIS INDIVIDUAL CAPACITY.

3    5. DEFENDANT, J. RUBIA, WAS AT ALL TIMES MENTIONED WITHIN THIS

4  COMPLAINT DIRECTLY RESPONSIBLE FOR MONITORING THE POLICIES

5  AND PROCEDURES AND CONSTITUTIONAL OPERATION OF THE CDC-R

6  RECEPTION CENTER, SAN QUENTIN, CALIFORNIA.

7    6. DEFENDANT, N.W. TAYLOR, WAS AT ALL TIMES MENTIONED WITHIN

8  THIS COMPLAINT, A CDC-R LIEUTENANT ASSIGNED TO DUTY AT THE

9  CDC-R. RECEPTION CENTER, SAN QUENTIN, CALIFORNIA.

10 DEFENDANT, N.W. TAYLOR IS SUED IN HIS INDIVIDUAL CAPACITY.

11   7. DEFENDANT, M. RODZSILLAS, WAS AT ALL TIMES MENTIONED WITHIN

12 THIS COMPLAINT, A CDC-R COUNSELOR I ASSIGNED TO DUTY AT THE

13 CDC-R STATE PRISON, SAN QUENTIN, CALIFORNIA.

14   8. DEFENDANT, CITIGROUP INC, IS AND WAS AT ALL TIMES MENTIONED

15 WITHIN THIS COMPLAINT, A BUSINESS ENTITY IN THE FORM OF A

16 "PUBLIC" CORPORATION LICENSED, QUALIFIED TO DO AND DOING

17 BUSINESS IN THE UNITED STATES OF AMERICA, STATE OF CALIFORNIA

18 (NORTHERN DISTRICT) WITH THE CAPACITY TO SUE AND BE SUED.

19   9. AT ALL TIMES MENTIONED WITHIN THIS COMPLAINT DEFENDANT,

20 CHARLES PRINCE, WAS THE CHIEF EXECUTIVE OFFICER, (HEREINAFTER

21 CEO.) OF CITIGROUP INC AND WAS DIRECTLY RESPONSIBLE FOR THE

22 OVERALL SUPERVISION OF CITIGROUP INC. EMPLOYEES. THESE

23 RESPONSIBILITIES INCLUDED, BUT WERE NOT LIMITED TO, THE

24 SUPERVISION, TRAINING AND CONTROL OF ALL CITIGROUP INC.

25 EMPLOYEES DURING THE COURSE AND SCOPE OF THEIR EMPLOYMENT.

26   10. AT ALL TIMES MENTIONED WITHIN THIS COMPLAINT, IVORY JEAN HART,

27 WAS EMPLOYED BY DEFENDANT, CITIGROUP INC, IN THE CAPACITY OF CITIBANK

28 VICE-PRESIDENT AND BRANCH MANAGER.

11. At all times mentioned within this complaint each of the Defendants was the agent of the remaining defendants and of defendant, Citigroup Inc. employee, Ivery Jean Hart, and in committing the acts as alleged within this complaint was acting in "joint participation" within the course and scope of such agency.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned within this complaint all Citigroup Inc. employees whom are presently designated as "does" within this complaint were private parties acting in "joint participation" with CDC &/or Defendants, J. Rubia, N.W. Taylor and M. Rodesillas.

13. Defendants, Does 1 through 20, inclusive, are sued herein under fictitious names as presently their true names and capacities are unknown to plaintiff. If and when their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein.

14. Plaintiff is informed and believes and thereon alleges that each of the named and fictitiously named defendants is responsible in some manner for the wrongful acts as described and alleged herein and that plaintiff's injuries were directly and proximately caused as a result of such wrongful acts and omissions.

15. At the time of accrual of this action, plaintiff was a CDCR prisoner, having been sentenced by a criminal court to serve a term of imprisonment of less than life and is therefore entitled to "statutory tolling" pursuant to C.C.P. § 352.1 (a).

## Jurisdiction

16. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OVER THIS CASE IN THAT THE CAUSE OF ACTION ARISES OUT OF THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION, (1st, 5th AND 14th AMENDMENTS), AND TITLE 42 U.S.C. SECTIONS 1983 AND 1985(3).

17. THIS COURT HAS JURISDICTION OF THIS MATTER UNDER TITLE 28 SECTIONS 1331 AND 43. PLAINTIFF ALSO SEEKS DECLARATORY INJUNCTIVE RELIEF UNDER TITLE 28 U.S.C. SECTIONS 2201 AND 2202 AND FEDERAL RULES OF CIVIL PROCEDURE, RULES 57 AND 65.

## Venue

18. PLAINTIFF IS A CITIZEN OF THE UNITED STATES OF AMERICA, STATE OF CALIFORNIA, AND AT THE TIME OF THE OCCURRENCE OF THE WRONGFUL DEPRIVATIONS, AS SET FORTH WITHIN THIS COMPLAINT, WAS A CDCR INMATE INCARCERATED AT CALIFORNIA STATE PRISON, SAN QUENTIN, CALIFORNIA.

19. A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THIS CAUSE OF ACTION OCCURRED WITHIN THE NORTHERN DISTRICT OF THE STATE OF CALIFORNIA.

20. DEFENDANT, CITIGROUP INC., IS A CORPORATION DOING BUSINESS WITHIN THE NORTHERN (JUDICIAL) DISTRICT OF THE STATE OF CALIFORNIA.

21. VENUE IS, THEREFORE, PROPER UNDER 28 U.S.C. SECTIONS 1391(b) AND 1391(c).

First Count

(Deprivation of Plaintiff's Civil Rights under 42 U.S.C. § 1983 against all Defendants)

22. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained within paragraphs 1 through 21, inclusive, of this complaint as though set forth in full herein.

23. Plaintiff is, and at all times mentioned within this complaint was a devout Muslim and adherent to the holy tenets of his chosen religion of Al-Islam.

24. On December 7, 2004, Plaintiff forwarded a pre-litigation letter, via U.S. postal service, to defendant, Citigroup Inc. headquarters in Long Island, New York, wherein he advised defendants, Citigroup Inc. and Citigroup Inc. CEO, Charles Prince, of his intent to initiate civil litigation against them regarding the illegal and conspiratorial acts of Citigroup Inc. employees. Plaintiff reasonably believes and alleges thereon that the above mentioned conspiratorial actions by Citigroup Inc. employees were designed to conceal the criminal conduct (i.e. illegal narcotic possession, transportation and consumption) of Citigroup Inc. employee, Ivory Jean Hart. (See Plaintiff Exhibit #1)

25. Plaintiff further alleges that on the date of mailing (December 7, 2004) of the above mentioned pre-litigation letter, both defendants, Citigroup Inc. and Citigroup Inc. CEO Charles Prince were in possession of multiple

1  CORRESPONDENCES WHEREIN PLAINTIFF HAD ADVISED THEM OF THE

2  CRIMINAL VIOLATIONS WITHIN WHICH CITIGROUP INC. EMPLOYEE,

3  IVORY JEAN HART HAD ENGAGED. FURTHERMORE, SAID DEFEN-

4  DANTS WERE ALSO IN POSSESSION OF PHOTOGRAPHS THAT DE-

5  PICTED CITIGROUP INC. EMPLOYEE, IVORY JEAN HART ENGAGED

6  IN THE COMMISSION OF THE CRIMINAL CONDUCT AS DESCRIBED

7  BY PLAINTIFF.

8    26. ON DECEMBER 22, 2004, PLAINTIFF WAS SCHEDULED FOR RELEASE

9  FROM CUSTODY. PURSUANT TO CALIFORNIA PENAL CODE § 3058.8, DEFEN-

10  DANT, M. RODESILLAS CONTACTED CITIGROUP INC. EMPLOYEE,

11  IVORY JEAN HART, FOR THE STATED PURPOSE OF INFORMING HER

12  OF PLAINTIFF'S IMPENDING RELEASE.

13    27. DURING THE COURSE OF THE ABOVE MENTIONED CONVERSATION,

14  DEFENDANT, CITIGROUP INC. EMPLOYEE, IVORY JEAN HART DID

15  WILFULLY RELATE MISLEADING AND UNTRUE ALLEGATIONS, TO WIT;

16  THAT PLAINTIFF HAD VIOLATED AN ACTIVE PROTECTIVE ORDER BY HIS

17  MAILING OF THE DECEMBER 7, 2004 PRE-LITIGATION LETTER TO

18  CITIGROUP INC. HEADQUARTERS OFFICE IN LONG ISLAND, NEW YORK.

19    28. AT THE TIME OF THE ABOVE MENTIONED INTERACTION BETWEEN

20  DEFENDANT, M. RODESILLAS AND CITIGROUP INC. EMPLOYEE,

21  IVORY JEAN HART, THE LATTER WAS FULLY AWARE OF THE FACT THAT

22  SHE HAD NEVER RESIDED NOR CONDUCTED BUSINESS WITHIN THE

23  STATE OF NEW YORK

24    29. AT THE TIME OF THE INTERACTION BETWEEN D, M. RODESILLAS

25  AND IVORY JEAN HART AS DESCRIBED WITHIN PARAGRAPH 27 OF THIS

26  COMPLAINT, CITIGROUP INC. EMPLOYEE, IVORY JEAN HART WAS ACTING

27  WITHIN THE COURSE AND SCOPE OF HER EMPLOYMENT AND IN SO DOING,

28  UTILIZED DEFENDANT, CITIGROUP INC. ASSETS, INCLUDING BUT NOT

1  LIMITED TO, DEFENDANT, CITIGROUP INC.'S TELEPHONIC AND

2  FACSIMILE SYSTEMS TO TRANSMIT AND/OR CONVEY AND PROVIDE

3  THE MISLEADING AND UNTRUE INFORMATION AS SET FORTH HEREIN.

4  30. UPON THE RECEIPT OF THE "PROTECTIVE ORDER" AT ISSUE, (EX. 2)

5  DEFENDANT, M. RODESILLAS NOTICED THAT THE ORDER WAS

6  NEITHER ISSUED NOR FILED ON THE DATE AS REPORTED BY CITI-

7  GROUP INC. EMPLOYEE, HART, HOWEVER, DEFENDANT M. RODESILLAS

8  PROCEEDED TO CONTACT DEFENDANT, N.W. TAYLOR, WHEREUPON

9  A CONSPIRACY WAS INITIATED TO FALSELY IMPRISON PLAINTIFF

10  BEYOND HIS SCHEDULED DATE FOR RELEASE, i.e. DECEMBER 22, 2004,

11  BY THE ISSUANCE OF A SERIOUS RULES VIOLATION REPORT (CDC-115).

12  31. AT THE TIME THE AGREEMENT TO FALSELY IMPRISON PLAINTIFF

13  WAS MADE, BOTH DEFENDANTS, N.W. TAYLOR AND M. RODESILLAS KNEW

14  OR SHOULD HAVE REASONABLY KNOWN THAT THEIR ACTIONS WOULD

15  DEPRIVE OR EFFECTIVELY COERCE AND INTIMIDATE PLAINTIFF IN

16  SUCH A MANNER SO AS TO PREVENT HIS CONTINUED PURSUIT OF

17  CIVIL LITIGATION AGAINST DEFENDANT, CITIGROUP INC.

18  32. ON THE MORNING OF DECEMBER 23, 2004, PLAINTIFF CONTACTED

19  AN UNIDENTIFIED CDCR CORRECTIONAL SERGEANT AND REQUESTED

20  INFORMATION REGARDING HIS RELEASE. UPON MAKING A TELEPHONE

21  INQUIRY, THE SERGEANT INFORMED PLAINTIFF THAT HE, PLAINTIFF,

22  WAS "NOT GOING HOME."

23  33. APPROXIMATELY ONE HOUR AFTER THE ABOVE DESCRIBED INTER-

24  ACTION BETWEEN PLAINTIFF AND THE UNIDENTIFIED SERGEANT,

25  PLAINTIFF WAS SUMMONED TO THE OFFICE OF DEFENDANT, LIEU-

26  TENANT N.W. TAYLOR, WHEREUPON HE WAS INFORMED BY DEFEN-

27  DANT, TAYLOR THAT HE, PLAINTIFF, WAS NOT BEING RELEASED

28  BECAUSE PLAINTIFF HAD WRITTEN "LETTERS" TO CITIGROUP INC.

1  EMPLOYEE, IVORY JEAN HART, WHEN PLAINTIFF DENIED THAT

2  ALLEGATION, DEFENDANT, TAYLOR, THEN ACCUSED PLAINTIFF

3  OF HAVING BEEN "FOUND GUILTY" OF THE COMMISSION OF A SERIOUS

4  RULE VIOLATION DURING THE PRIOR WEEK. UPON BEING IN-

5  FORMED BY PLAINTIFF THAT THIS WAS ALSO UNTRUE, DEFEN-

6  DANT, TAYLOR APPEARED TO BECOME EXTREMELY AGITATED

7  AND STATED, "WELL, YOU'RE GOING TO GET ONE NOW," AND

8  IMMEDIATELY INDICATED FOR PLAINTIFF TO LEAVE HIS OFFICE

9  BY THE USAGE OF A HAND GESTURE.

10  34. ON OR ABOUT DECEMBER 28, 2004, PLAINTIFF WAS SERVED WITH

11  A SERIOUS RULES VIOLATION REPORT (LOG NO. 04-43-12-042),

12  WHEREIN HE (PLAINTIFF) WAS CHARGED WITH HAVING VIO-

13  LATED A COURT ISSUED PROTECTIVE ORDER. (SEE PLAINTIFF EX.3)

14  35. ON JANUARY 7, 2005, A SERIOUS RULE VIOLATION HEARING WAS

15  CONVENED BY CO-R'S SENIOR HEARING OFFICER, LIEUTENANT

16  M. D. THOMPSON, WHEREUPON A FINDING OF "NOT GUILTY"

17  WAS RENDERED, AND AS A RESULT THEREOF, THE ALLEGATIONS

18  AGAINST PLAINTIFF WERE DISMISSED. AS A BASIS FOR HIS DE-

19  CISION, SENIOR HEARING OFFICER THOMPSON STATED AS FOLLOWS:

20  "THIS SHO, IN REVIEW OF THE RESTRAINING ORDER, NOTES IN

21  SECTION "d" OF THAT DOCUMENT NO SPECIFIC CONDITION

22  THAT MUHAMMAD COULD NOT WRITE THE COMPLAINTANT'S

23  CORPORATE HEADQUARTERS," AND "IF MUHAMMAD WERE NOT

24  TO CONTACT HER PLACE OF BUSINESS VIA CORRESPONDENCE, THEN

25  IT SHOULD HAVE BEEN INCLUDED UNDER SECTION d. "(PLAINTIFF EX.4)

26  36. PLAINTIFF FURTHER ALLEGES THAT AT ALL TIMES MEN-

27  TIONED WITHIN THIS COMPLAINT, DEFENDANTS, J. NURIA,

28  N. W. TAYLOR, AND M. REDESILLAS WERE IN POSSESSION OF

1. OFFICIAL DOCUMENTS VERIFYING THAT PLAINTIFF HAS REPRESENTED
2. HIMSELF (IN PERSONA) IN MULTIPLE CIVIL LITIGATION MATTERS
3. THAT WERE RELATED TO HIS CRIMINAL CONVICTION.
4. 37. PLAINTIFF FURTHER ALLEGES THAT THE ABOVE DESCRIBED
5. DEPRIVATIONS TO HIS CONSTITUTIONAL RIGHTS WERE SET INTO
6. MOTION BY THE ACTIONS OF DEFENDANT, CITIGROUP INC.
7. EMPLOYEE, IVERY JEAN HART AND WERE FACILITATED BY THE
8. FAILURE OF DEFENDANT, CITIGROUP INC. CEO CHARLES PRINCE
9. TO PROPERLY SUPERVISE AND CONTROL THE SUBORDINATE
10. CITIGROUP INC. EMPLOYEES, INCLUDING, BUT NOT LIMITED TO
11. IVERY JEAN HART.
12. 38. AT ALL TIMES MENTIONED WITHIN THIS COMPLAINT, DEFEN-
13. DANT, CITIGROUP INC'S EMPLOYEE, IVERY JEAN HART, DEFENDANT,
14. CITIGROUP INC AND DEFENDANT, CHARLES PRINCE WERE PRIVATE
15. PARTIES ACTING IN "JOINT PARTICIPATION" WITH CO-C'S DEFEN-
16. DANTS, J. TRUTIA, N.W. TAYLOR AND M. PODSKALLA.
17. 39. THE ACTIONS OF DEFENDANTS AND EACH OF THEM, AS DE-
18. SCRIBED HEREIN, WERE UNDERTAKEN TO DEPRIVE PLAINTIFF
19. OF HIS CONSTITUTIONAL RIGHTS TO SPEAK FREELY AND TO SEEK
20. REDRESS OF HIS GRIEVANCES AND TO DENY PLAINTIFF HIS CON-
21. STITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION AS
22. MANDATED BY THE 1ST, 5TH AND 14TH AMENDMENTS TO THE
23. UNITED STATES CONSTITUTION, (AND U.S. CONST. AM. 4).
24. 40. THE ACTIONS AND OMISSIONS OF DEFENDANTS, AND EACH
25. OF THEM, WERE THE DIRECT AND PROXIMATE CAUSE OF THE
26. DENIAL OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AS GUARANTEED
27. BY THE 1ST, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES
28. CONSTITUTION. (AND U.S. CONST. AM. 4).

1    41. At all times mentioned within this complaint, defen-

2 dants, J. Rubia, N.W. Taylor and M. Rodesillas were color

3 officials performing and acting under the color

4 of state law.

5

6                  Second  Count

7

8 (Deprivation of Plaintiff's Civil Rights under 42 U.S.C §1985(3)

9 Against all Defendants)

10

11    42. Plaintiff re-alleges and incorporates by reference

12 herein each and every allegation contained in paragraphs

13 1 through 41, inclusive, of this complaint as set forth in

14 full herein.

15    43. Plaintiff is, and was at all times mentioned within

16 this complaint, a devout Muslim and an adherent to the

17 tenets of his chosen religion of Al-Islam.

18    44. On multiple occasions, defendant, Citigroup Inc.

19 employee, Ivory Jean Hart, has made derogatory and defama-

20 tory statements regarding the religion of Al-Islam and

21 the fact that plaintiff is a Muslim. Such statements by

22 Citigroup Inc. employee, Ivory Jean Hart, include, but are

23 not limited to, ridicule and mockery regarding the

24 "long dresses" and "hair covering" attributed to the

25 dress customs of Muslim women as well as statements

26 that reflect the belief that Muslims retaliate "ten

27 fold" for perceived wrongs that are inflicted upon

28 them. Furthermore, Citigroup Inc. employee, Ivory Jean Hart

-11-

1  HAS INTIMATED THAT HER AVERSION TOWARDS AND AGAINST THE RE-

2  LIGION OF AL-ISLAM IS PRIMARILY A RESULT OF THE FACT THAT HER

3  FATHER WAS A "CHRISTIAN MINISTER" AND SHE IS THE PRODUCT OF

4  A DEVOUT CHRISTIAN UPBRINGING.

5  46. ON OR ABOUT DECEMBER 22, 2004, DEFENDANTS, AND EACH OF

6  THEM, WILLFULLY CONSPIRED AND AGREED AMONG THEMSELVES

7  AND CITIGROUP INC. EMPLOYEE, IVERY JEAN HART, TO UTILIZE

8  THE CDCR ADMINISTRATIVE PROCESS, i.e., SERIOUS RULES

9  VIOLATION REPORT, TO UNCONSTITUTIONALLY DEPRIVE PLAINTIFF

10 OF HIS CONSTITUTIONAL RIGHTS TO SPEAK FREELY, TO SEEK RE-

11 DRESS OF GRIEVANCES AS WELL AS HIS RIGHTS OF DUE PROCESS

12 AND EQUAL PROTECTION OF THE LAW AS MANDATED BY THE

13 UNITED STATES CONSTITUTION (1ST, 5TH AND 14TH AMENDMENTS).

14 46. PLAINTIFF IS INFORMED AND BELIEVES AND THEREON

15 ALLEGES THAT THE LAST OVERT ACT COMMITTED IN FURTHER-

16 ANCE OF SAID CONSPIRACY OCCURRED ON OR ABOUT

17 DECEMBER 28, 2004, WHEREUPON AT THE DIRECTION OF DEFEN-

18 DANT, N.W. TAYLOR, PLAINTIFF WAS SERVED WITH A COPY OF

19 SERIOUS RULE VIOLATION REPORT (LOG NO. 04-4B-12-042).

20 47. PLAINTIFF FURTHER ALLEGES AND REASONABLY BELIEVES THAT THE

21 ULTIMATE PURPOSE AND UNDERLYING MOTIVATION OF DEFENDANTS

22 IN SO CONSPIRING WERE TO DEPRIVE PLAINTIFF OF THE ACCESS

23 TO THE APPROPRIATE LEGAL FORUM WHEREIN HE COULD EXERCISE

24 HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO INITIATE AND

25 PURSUE CIVIL LITIGATION AGAINST DEFENDANT, CITIGROUP INC.

26 48. AS A DIRECT AND PROXIMATE CAUSE OF THE ABOVE MENTIONED

27 CONSPIRACY AS DESCRIBED HEREIN, PLAINTIFF WAS DEPRIVED OF HIS

28 CONSTITUTIONAL RIGHTS AS MANDATED BY THE UNITED STATES

1 CONSTITUTION (1ST, 5TH AND 14TH AMENDMENTS); (AND U.S. CONST. AM. 4).

2

3 _____ Third Count _____

4

5 (DEPRIVATION OF PLAINTIFF'S RIGHTS PURSUANT TO CALIFORNIA CIVIL CODE

6 SECTION 52.3 AGAINST DEFENDANTS J. RUBIA, N.W. TAYLOR AND M. RODESILLAS)

7

8 49. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE HEREIN

9 EACH AND EVERY ALLEGATION CONTAINED IN PARAGRAPHS 1 THROUGH 48,

10 INCLUSIVE OF THIS COMPLAINT AS THOUGH SET FORTH IN FULL HEREIN.

11 50. ON OR ABOUT DECEMBER 22, 2004 THROUGH JANUARY 12, 2005,

12 DEFENDANTS J. RUBIA, N.W. TAYLOR AND M. RODESILLAS, WHILE EM-

13 PLOYED WITHIN THE CAPACITIES OF LAW ENFORCEMENT OFFICERS

14 AND AGENTS OF THE CDCeR, A STATE OF CALIFORNIA GOVERNMENT

15 AUTHORITY, DID ENGAGE IN A PRACTICE OF CONDUCT THAT WAS

16 DESIGNED TO DEPRIVE PLAINTIFF OF RIGHTS AND PRIVILEGES

17 THAT ARE SECURED BY THE U.S. CONSTITUTION, U.S. FEDERAL STATUTES,

18 THE CONSTITUTION OF THE STATE OF CALIFORNIA (ART. I §§ 1, 2(a) AND

19 7), AND CALIFORNIA PENAL CODE § 2601 (d). THE PRACTICE OF

20 CONDUCT INCLUDED, BUT IS NOT LIMITED TO, THE EMPLOYMENT OF

21 FALSE IMPRISONMENT, FALSE ACCUSATIONS AND ACTS AND THREATS

22 TO ABUSE THE CDC&R ADMINISTRATIVE RULES VIOLATION PROCESS

23 (i.e. CDC-115) TO PLAINTIFF'S DETRIMENT.

24 51. IN REFERENCE TO HER UNCONSTITUTIONAL ACTS AS DESCRIBED

25 WITHIN PARAGRAPH 50 OF THIS COMPLAINT, IT MAY BE NOTED

26 THAT DEFENDANT, M. RODESILLAS HAS STATED THAT SHE WAS MERELY

27 "DOING MY JOB."

28 52. AS A DIRECT AND PROXIMATE CAUSE OF THIS PRACTICE OF CONDUCT

1  BY DEFENDANTS, J. TRUBIA, N.W. TAYLOR AND M. RODESILLAS AS DESCRIBED

2  HEREIN, PLAINTIFF WAS DEPRIVED OF HIS CONSTITUTIONAL AND

3  STATUTORY RIGHTS AS HERETOFORE DESCRIBED.

4

5              Fourth Count

6

7        (FALSE IMPRISONMENT AGAINST ALL DEFENDANTS)

8

9    53. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE HEREIN

10  EACH AND EVERY ALLEGATION CONTAINED IN PARAGRAPHS 1 THROUGH 52,

11  INCLUSIVE, OF THIS COMPLAINT AS SET FORTH IN FULL HEREIN.

12   54. ON DECEMBER 22, 2004, PLAINTIFF WAS SCHEDULED FOR RE-

13  LEASE FROM CALIFORNIA STATE PRISON, SAN QUENTIN, HOWEVER,

14  UPON CONSPIRING WITH DEFENDANT, CITIGROUP INC. EMPLOYEE,

15  IVORY JEAN HART, DEFENDANTS, N.W. TAYLOR AND M. RODESILLAS

16  INITIATED THE ACTIONS, HERETOFORE DESCRIBED THAT RESULTED

17  IN THE FALSE IMPRISONMENT OF PLAINTIFF THROUGH

18  JANUARY 12, 2005.

19   55. PLAINTIFF FURTHER ALLEGES THAT AT THE INCEPTION OF THE

20  ABOVE MENTIONED CONSPIRACY, DEFENDANTS, N.W. TAYLOR AND

21  M. RODESILLAS WERE IN POSSESSION OF DOCUMENTARY EVIDENCE

22  OF THE FALSITY OF CITIGROUP INC. IVORY JEAN HART'S ACCUSATIONS

23  AGAINST PLAINTIFF INCLUDING, BUT NOT LIMITED TO, INMATE

24  TELEPHONE USAGE RECORDS, INSTITUTIONAL POSTAL RECORDS AND

25  THE PROTECTIVE ORDER THAT PURPORTEDLY PROHIBITED THE ACTS

26  WITHIN WHICH PLAINTIFF ENGAGED.

27   56. THE FALSE IMPRISONMENT OF PLAINTIFF WAS SET INTO MOTION

28  BY THE FALSE ACCUSATIONS THAT WERE LEVIED AGAINST PLAINTIFF

-14-

1   By Citigroup Inc. employee, Ivory Jean Hart, while she was en-

2   gaged in the course and scope of her employment with

3   Defendant, Citigroup Inc., and such actions were facilitated

4   by the failure of Defendant, Citigroup Inc. CEO, Charles Prince,

5   to properly supervise and control the subordinate

6   Citigroup Inc. employees, including, but not limited to,

7   Ivory Jean Hart.

8   57. The actions and conduct of the Defendants, and each of

9   them, were the direct and proximate cause of the false

10  imprisonment of plaintiff as described herein.

11  58. Plaintiff further alleges that the Defendants, and each

12  of them, by committing the acts as alleged herein, acted

13  in willful, wanton, malicious and oppressive disregard of

14  plaintiff's constitutional and statutory rights, thereby

15  justifying an assessment of punitive and exemplary

16  damages in an amount to be proven at trial herein.

17

18              Fifth Count

19

20  (Malicious Prosecution against Defendants Citigroup Inc.

21   and Citigroup Inc. CEO Charles Prince)

22

23  59. Plaintiff re-alleges and incorporates by reference herein

24  each and every allegation contained in paragraphs 1 through 58,

25  inclusive, of this complaint as though set forth in full herein.

26  60. On or about December 22, 2004 and shortly thereafter,

27  Defendant, Citigroup Inc. employee, Ivory Jean Hart and un-

28  identified Defendant Citigroup Inc. employees did direct and

1  CONSPIRE TO ASSIST CDCR OFFICIALS, J. RUBIA, N.W. TAYLOR AND

2  M. PEDESILLAS WITH THE ISSUANCE OF A SERIOUS RULES VIOLATION

3  REPORT AGAINST PLAINTIFF

4   61. THE ABOVE MENTIONED ASSISTANCE, DIRECTIONS AND CONSPIRACY

5  INCLUDED, BUT IS NOT LIMITED TO, THE PROVIDING OF FALSE AL-

6  LEGATIONS; THE PROVIDING OF A PROTECTIVE ORDER THAT PURPORTED

7  TO PROHIBIT PLAINTIFF'S COMMUNICATIONS WITH DEFENDANT,

8  CITIGROUP INC. HEADQUARTERS AND THE AGREEMENT TO FALSELY

9  IMPRISON PLAINTIFF.

10   62. AS A RESULT OF THE ABOVE MENTIONED ACTIONS BY DEFENDANT,

11  CITIGROUP INC. EMPLOYEES, A SERIOUS RULES VIOLATION REPORT

12  WAS INITIATED AND SERVED UPON PLAINTIFF WHEREUPON

13  HE, (PLAINTIFF), WAS FALSELY IMPRISONED AND DEPRIVED

14  OF HIS STATUTORY AND CONSTITUTIONAL RIGHTS AS HERE-

15  TOFORE ENUMERATED.

16   63. PLAINTIFF FURTHER ALLEGES THAT THE SERIOUS RULES

17  VIOLATION REPORT AS DESCRIBED WITHIN PARAGRAPH #62

18  OF THIS COMPLAINT WAS ISSUED WITHOUT PROBABLE CAUSE.

19   64. PLAINTIFF REASONABLY BELIEVES AND THEREUPON ALLEGES

20  THAT THE ACTIONS OF DEFENDANT, CITIGROUP INC. EMPLOYEE,

21  IVORY JEAN HART AND THE UNIDENTIFIED CITIGROUP INC. EM-

22  PLOYEES WERE MOTIVATED BY THE MALICIOUS ULTERIOR PUR-

23  POSE OF PREVENTING AND/OR OBSTRUCTING PLAINTIFF FROM

24  THE LAWFUL PURSUIT OF CIVIL LITIGATION AGAINST DEFENDANT,

25  CITIGROUP INC.

26   65. AT THE TIME OF OCCURRENCE OF THE ABOVE MENTIONED ACTS BY

27  DEFENDANT, CITIGROUP INC. EMPLOYEES, DEFENDANT, CHARLES PRINCE,

28  CITIGROUP INC. CEO, WAS IN POSSESSION OF PHOTOGRAPHS THAT

1  CORROBORATED PLAINTIFF'S ALLEGATIONS REGARDING THE ILL-

2  GAL, CRIMINAL CONDUCT WITHIN WHICH DEFENDANT, CITIGROUP

3  INC. EMPLOYEE, IVORY JEAN HART HAD ENGAGED.

4    66. ON JANUARY 7, 2005, A DECISION OF NOT GUILTY WAS RENDERED

5  AND THE ABOVE MENTIONED SERIOUS RULE VIOLATION REPORT,

6  (LOG NO. 04-43-12-042), WAS TERMINATED FAVORABLY

7  ON BEHALF OF PLAINTIFF.

8    67. THE ACTS AND OMISSIONS TO ACT BY DEFENDANT, CITIGROUP

9  INC. EMPLOYEES AND CITIGROUP INC. CEO CHARLES PRINCE,

10  RESPECTIVELY, WERE THE DIRECT AND PROXIMATE CAUSE OF

11  THE MALICIOUS PROSECUTION OF PLAINTIFF AS SET FORTH

12  HEREIN.

13    68. PLAINTIFF FURTHER ALLEGES THAT DEFENDANTS, CITIGROUP

14  INC. AND CITIGROUP INC. CEO CHARLES PRINCE, BY COMMITTING

15  THE ACTS AND OMISSIONS TO ACT AS ALLEGED HEREIN, CON-

16  DUCTED THEMSELVES IN WILLFUL, WANTON, MALICIOUS AND

17  OPPRESSIVE DISREGARD OF PLAINTIFF'S CONSTITUTIONAL

18  AND STATUTORY RIGHTS, THEREBY JUSTIFYING AN ASSESS-

19  MENT OF PUNITIVE AND EXEMPLARY DAMAGES IN AN AMOUNT

20  TO BE PROVEN AT TRIAL HEREIN.

21

22                     Sixth Count

23

24          (ABUSE OF PROCESS AGAINST ALL DEFENDANTS)

25

26  69. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE

27  HEREIN EACH AND EVERY ALLEGATION CONTAINED IN PARA-

28  GRAPHS 1 THROUGH 68.

-47-

1   70. On or about December 22, 2004 and shortly thereafter,

2   Defendants and each of them, did willfully conspire to

3   utilize the CDC-R Serious Rules Violation Report (CDC-115)

4   process for an ulterior purpose and to achieve a collateral

5   advantage over plaintiff for which it was not designed,

6   to wit; prevent and or dissuade plaintiff from the

7   pursuit of civil litigation against defendant, Citigroup

8   Inc.

9   71. Plaintiff is informed and believes and therefore

10  alleges that at all times mentioned herein, each of

11  the Defendants was the agent of each of the remain-

12  ing Defendants and in committing the acts as alleged

13  herein, was acting within the course and scope of

14  such agency.

15  72. Defendants, and each of them, misused the process

16  (i.e. CDC-115) by providing false and/or misleading infor-

17  mation and documentation for the purpose of falsely

18  imprisoning plaintiff and thereby preventing or

19  coercing plaintiff from the pursuit of civil litigation

20  against defendant, Citigroup Inc. or its employees.

21  73. As a direct and proximate result of the actions and

22  omissions of Defendants, and each of them, plaintiff was

23  falsely imprisoned and, as a result thereof, suffered

24  injury to his person in the form of shock to his nervous

25  system as well as physical pain to his body and severe

26  emotional anguish.

27  74. Plaintiff further alleges that the Defendants, and

28  each of them, acted in willful, wanton, malicious and

1  OPPRESSIVE DISREGARD FOR PLAINTIFF'S CONSTITUTIONAL AND

2  STATUTORY RIGHTS, THEREBY JUSTIFYING AN ASSESSMENT OF

3  PUNITIVE DAMAGES IN AN AMOUNT TO APPROPRIATELY PUNISH

4  AND DETER DEFENDANTS AND OTHERS FROM ENGAGING IN

5  SIMILAR CONDUCT.

6

7                    Seventh Count

8

9  (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL

10  DEFENDANTS)

11

12  75. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE HEREIN

13  EACH AND EVERY ALLEGATION CONTAINED IN PARAGRAPHS 1 THROUGH 74,

14  INCLUSIVE OF THIS COMPLAINT AS SET FORTH IN FULL HEREIN.

15  76. ON OR ABOUT DECEMBER 22, 2004 AND SHORTLY THEREAFTER,

16  DEFENDANTS, AND EACH OF THEM, CONSPIRED TO AND DID ENGAGE

17  IN THE ACTS AS STATED WITHIN THIS COMPLAINT WITH THE WILL-

18  FUL INTENT TO INFLICT SERIOUS EMOTIONAL DISTRESS AND ANXIETY

19  UPON PLAINTIFF

20  77. IN SO CONDUCTING THEMSELVES DEFENDANTS, AND EACH OF

21  THEM DID IN FACT INFLICT SERIOUS EMOTIONAL DISTRESS UPON

22  PLAINTIFF.

23  78. AS A DIRECT AND PROXIMATE CAUSE OF THE ACTIONS BY DEFEN-

24  DANTS AS HERETOFORE DESCRIBED WITHIN THIS COMPLAINT,

25  PLAINTIFF HAS SUFFERED SEVERE CHEST PAINS, HEADACHES,

26  EXTREME HYPERTENSION, INSOMNIA AND EMOTIONAL DISTRESS

27  AS WELL AS INTENSE CONCERN FOR HIS LIFE, HEALTH AND PERSONAL

28  SAFETY, REQUIRING THE EMPLOYMENT OF EMERGENCY MEDICAL TREATMENT

79. In doing the acts as alleged herein, Defendants, and each of them acted wilfully, wantonly, fraudulently and maliciously with the conscious disregard for Plaintiff's constitutional and statutory rights. Plaintiff is therefore entitled to recover from Defendants, and each of them, punitive and exemplary damages in an amount to be proven at trial.

80. Plaintiff further alleges that while engaging in the conspiracies as set forth within Counts 1 and 2 of this complaint, Defendants, and each of them, knowingly agreed to employ tactics including, but not limited to, threats and/or intimidation against Plaintiff as prohibited by Title 18 U.S.C. §241. Plaintiff, therefore, reasonably believes and alleges thereon that unless ordered to do so by this Court, the Defendants, as named herein, will continue to deprive Plaintiff of his constitutional rights as mandated and guaranteed by the United States Constitution and the Constitution of the State of California.

## Demand for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants, and each of them, their agents, representatives, employees, servants, and all persons in active concert and participation with them from:

a) Harassing Plaintiff herein;

b) Denying Plaintiff the equal protection of the law;

1    c) Denying Plaintiff Due Process of Law;

2    d) Denying Plaintiff the Right to Initiate Civil Litigation

3    against Defendant, Citigroup Inc. or its employees;

4    e) Holding Plaintiff Incommunicado

5    2. For Declaratory Relief Declaring the Rights and Re-

6    sponsibilities of the Parties Including, But not Limited to:

7    a) The Duties of the CDCR to Provide Prompt Processing of

8    all Incoming and Outgoing Mail to and From Plaintiff while

9    Plaintiff is Engaged in Civil Litigation and Performing

10   In the Capacity of "In Persona".

11   3. For Compensatory Damages in an Amount in Excess of

12   Two (2) Million Dollars (#2,000,000.00), the Precise

13   Amount to Be Proven at Trial Herein.

14   4. On Counts 4,5,6 and 7 For Punitive and Exemplary Damages

15   in an Amount to Be Proven at Trial Herein.

16   5. For Reasonable Attorney's Fees.

17   6. For Cost of Suit Herein.

18   7. For Such Other and Further Relief, Including Equitable

19   Relief, as the Court Deems Just and Proper.

20

21                    Demand for Jury Trial

22

23   Plaintiff Hereby Demands a Trial by Jury of all Issues

24   so Triable.

25

26   Dated: May 19, 2008              Respectfully Submitted,

27                                    Mark Ali Muhammad

28                                    Plaintiff, In Pro Se

                            -21-

## Verification

STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

Title 28 U.S.C. § 1746

I, MALIK ALI MUHAMMAD, DO HEREBY DECLARE:

I AM THE PLAINTIFF IN THIS ACTION AND PREPARED THE MOVING PAPERS HEREIN. I KNOW THE CONTENTS OF THE CIVIL RIGHTS COMPLAINT FILED HEREIN AND I KNOW THE CONTENTS TO BE A TRUE AND FACTUAL REPRESENTATION OF THE FACTS IN THIS MATTER.

IF CALLED AS A WITNESS IN THIS ACTION I WOULD BE COMPETENT TO TESTIFY AND WOULD TESTIFY AS SET FORTH IN THE CIVIL RIGHTS COMPLAINT ATTACHED HERETO.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE LAWS OF THE UNITED STATES OF AMERICA.

EXECUTED IN THE CITY OF NORCO, CALIFORNIA ON MAY 19, 2008

Malik Ali Muhammad

PLAINTIFF, IN PRO SE

12/22/2004 18:06 FAX  718 248 4884       UMPLOYMENT LAW GROUP                    ⊠003/007

PLAINTIFF EXHIBIT #1

December 7, 2004

Citigroup
1 Court Square, 42 Fl.
Long Island, NY 11120

Attn: Mr. Chuck Prince / Chief Executive Officer.

Re:                    / Branch Manager

Dear Sir:

I have enclosed correspondence regarding the
criminal conduct of Citibank employee,

As stated previously, I intend to expose any and
all surreptitious attempts by Citigroup employees
and agents to conceal evidence of the criminal
conduct of Citibank employee,

Please furnish name(s) and address(s) of Citigroup
authorized agent(s) for acceptance of legal documents
(i.e., summons, subpoenas, etc.)

Sincerely,

Malik Ali Muhammad

PLAINTIFF EXHIBIT #2

MC-220

| Superior Court of California | | FOR COURT USE ONLY |
|---|---|---|
| County of Alameda | ameda | ENDORSED FILED ALAMEDA COUNTY |
| 1225 Fallon Street | | |
| Oakland, California 94612-4280 | | JAN 13 2004 |
| Rene C. Davidson Courthouse | | CLERK OF THE SUPERIOR COURT |

**PEOPLE OF THE STATE OF CALIFORNIA**
vs.

DEFENDANT: MALIK ALI MUHAMMAD

By JENNIFER DiMERCURIO
Deputy

**PROTECTIVE ORDER IN CRIMINAL PROCEEDING (CLETS)**
(Penal Code, § 136.2)

- [ ] ORDER PENDING TRIAL
- [ ] ORDER POST TRIAL PROBATION CONDITION
- [x] MODIFICATION

CASE NUMBER:

**144082**

**✳ THIS ORDER TAKES PRECEDENCE OVER ANY CONFLICTING COURT ORDER ✳**

PERSON TO BE RESTRAINED (Name): MALIK ALI MUHAMMAD
Sex: [x] M [ ] F  Ht.: 6'2"  Wt.: 200  Hair Color: BK  Eye Color: BK  Race: BK  Age: 57  Date of Birth: 11/28/45
[ ] The defendant is a peace officer with _____ Department.

1. This proceeding was heard
   on (date): AUG. 14 2003  at (time): 9:05  in Dept.: 3  Room: N/A
   by judicial officer (name):
2. [x] Defendant was personally present at the court hearing, and no additional proof of service of the restraining order is required.

**GOOD CAUSE APPEARING, THE COURT ORDERS**

3. The above-named defendant
   a. shall not annoy, harass, strike, threaten, sexually assault, batter, stalk, destroy personal property of, or otherwise disturb the peace of the protected persons named below.
   b. shall not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.
   c. must surrender to local law enforcement or sell to licensed gun dealer any firearm in or subject to his or her immediate possession or control within
      (1) [x] 24 hours after issuance of this order
      (2) [ ] 48 hours after service of this order
      (3) [ ] other (specify):

      The restrained person shall file a receipt with the court showing compliance with this order within 72 hours of receiving this order.
   d. [x] shall have no personal, telephonic, or written contact with the protected persons named below.
   e. [x] shall have no contact with the protected persons named below through a third party, except an attorney of record.
   f. [x] shall not come within _100_ yards of the protected persons named below.
   g. [ ] shall have peaceful contact with the protected persons named above for court-ordered visitation as ordered in prior or subsequent Family Court and Juvenile Court orders as an exemption to the "no contact" and "stay away" provisions of this order.

4. [x] The protected person may record any prohibited communications made to him or her by the restrained person.
5. NAMES OF PROTECTED PERSONS:  INCLUDING  AND/OR FRIENDS
6. Other orders including stay-away orders from _____:  PROTECTED PERSON'S RESIDENCES, PLACES OF BUSINESS & SCHOOLS
7. This order expires on (specify date): 8/14/13
   If no date is listed, this order expires three years from the date of issuance.

Date: JAN 13 2004

(See warnings on reverse)

JUDICIAL OFFICER    Department/Division

Form Adopted for Mandatory Use
Judicial Council of California
MC-220 [Rev. January 1, 2001]

**PROTECTIVE ORDER IN CRIMINAL PROCEEDING (CLETS)**
(Penal Code, § 136.2)

Penal Code, §§ 136.2, 166
Form Approved by
Department of Justice

(Distribution: original to file; 1 copy to each protected person; 1 copy to defendant; 1 copy to prosecutor; 1 copy to law enforcement)

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATIONS

EXHIBIT #3

04-4/B-12-042

| CDC NUMBER | INMATE'S NAME | | | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| 1-37398 | MUHAMMAD | 3005(a) | 12/22/04 | CSP-SQ | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ► *Wasl Ali Muhammad*    DATE 12-28-04

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ►    DATE

DATE NOTICE OF OUTCOME RECEIVED    DISPOSITION

☐ **I REVOKE** my request for postponement.

INMATE'S SIGNATURE ►    DATE

## STAFF ASSISTANT

STAFF ASSISTANT
☐ REQUESTED    ☐ WAIVED BY INMATE

INMATE'S SIGNATURE ►    DATE

☐ ASSIGNED    DATE    NAME OF STAFF

☒ NOT ASSIGNED    REASON *For CCR #3315 (d) (2)*

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☐ REQUESTED    ☐ WAIVED BY INMATE

INMATE'S SIGNATURE ►    DATE

☐ ASSIGNED    DATE    NAME OF STAFF

☒ NOT ASSIGNED    REASON *For CCR #3315 (D) (1)*

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ►    DATE

☒ COPY OF CDC 115-A GIVEN INMATE    BY: (STAFF'S SIGNATURE) ►    TIME 1/10    DATE 12-28-04

CDC 115-A (7/88)    — If additional space is required use supplemental pages —    88 8601

STATE OF CALIFORNIA                                                                     DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT                                     04-4B-12-042

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| V-37398 | MUHAMMAD | | CSP-SQ | 5-8-23 | |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| §3005(a) & PC §136.2 | VIOLATION OF COURT RESTRAINING ORDER | SAN QUENTIN | 12/22/04 | 1015 HRS. |

**CIRCUMSTANCES**

On Wednesday, December 22, 2004, at approximately 1015 hours, while assigned to the Sexually Violent Predators ("SVP") Unit as a Correctional Counselor I ("CCI"), I telephoned             the victim of inmate Muhammad, V-37398, 5-8-23.    Ms           was being contacted to inform her of inmate Muhammad's release date (per PC §3058.8, Victim Witnesses Notification).  Ms.            informed me that inmate Muhammad was in violation of an active restraining order (Case #144082, Alameda County), allowing no contact of any form from inmate Muhammad.  His controlling offense is for PC §646.9(a), "Stalking," and PC §422, "Terrorist Threats against a Victim."

                    SEE CONTINUATION CDC-115 PART "C"

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| M. Rodesillas, Correctional Counselor   M. Rodsill | 12/22/04 | CCI        (2/W) | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| N.W. Tindll, Correctional Lt. | 12/23/04 | N/A |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☐ SERIOUS | F | 12/27/04 | J. RUBIA, Facility Captain   R. Richart | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ C/o R. Rein | 12-28-04 | 1100 | |

| INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| 04-12-0459 | ▶ C/o R. Rein | 12-28-04 | 1100 | ▶ | | |

**HEARING**

                SEE CDC 115 PART C HEARING CONTINUATION

| REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA |
|---|

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| N.D. Thompson, Correctional Lieutenant | | 1/14/05 | 1159 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| J. Rubia, Facility Captain | 1/18/05 | S.J. Mendoza, AW | 1/19/05 | |

| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ C/O T. Marshall | 1/20/05 | 1100 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
                                                                      PAGE ___ OF ___
RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-37393 | MUHAMMAD | 04-48-12-042 | CSP-SQ | 12/22/04 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER _____

The following information was obtained from Ms. Hart:

    On December 07, 2004, a letter was mailed to _____ place of business, Citigroup, from inmate Muhammad. _____ informed me that Muhammad is to have no contact with her place of business as noted in the restraining order. She faxed me both a copy of the inmate letter and the active restraining order (See: Attached). Inmate Muhammad is aware of this restraining order.

    I asked _____ to send a copy of the restraining order, which I received reviewed. On 8/14/03, in Alameda County, in Superior Court, there was a hearing as the Protective Order for _____ Inmate Muhammad was present at the hearing. It should be noted that this order was executed and filed on January 13, 2004.

    I contacted the District Attorney's Officer and requested that a copy of the letter written by inmate Muhammad be faxed to me. I received the letter on 12/22/04 via facsimile.

    I contacted Correctional Lieutenant R.W. Taylor and apprised him of the situation.

Inmate Muhammad is aware of this documentation.
Inmate Muhammad: (is not) a participant in the mental health delivery system.

| | | DATE SIGNED |
|---|---|---|
| SIGNATURE OF WRITER: M. Rodesillas | M. Rodesillas, Correctional Counselor | 12/22/04 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 12-28-04 | TIME SIGNED 11am |

CDC 115-C (5/95)                                                            OSP 99 25062

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
                                                                        PAGE ___ OF ___
**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-37398 | MUHAMMAD | 04-48-12-042 | CSP-SQ | 01/07/05 |

| ☒ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER ____ |

**HEARING:** The hearing was convened on Friday, January 7, 2005, at approximately 2014 hours, when Lieutenant M. D. Thompson introduced himself to Muhammad as the Senior Hearing Officer for this disciplinary. Muhammad stated he was in good health with normal hearing and vision. Muhammad acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and Incident report with supplemental reports. These reports as well as the disciplinary charge of VIOLATION OF COURT RESTRAINING ORDER were reviewed with Muhammad in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** Muhammad was advised in the hearing that this has been referred for possible prosecution and he can postpone his hearing pending resolution of prosecution. He was informed that any statements he makes in this hearing could be used against him in a court of law. Muhammad stated that he understood and he wanted to continue the hearing.

**Due Process:** The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time constraints have been met. There are no due process issues.

**Staff Assistant:** Does not meet criteria per CCR 3315 (D)(2)

**Investigative Employee:** Does not meet criteria per CCR 3315 (D)(1)

**Request for Witnesses:** Muhammad waived all witnesses and the SHO requested none.

**Video and Photo Evidence:** Videotape evidence was not an issue for this hearing.

**Plea:** Not Guilty

**Hearing Testimony:** Muhammad gave the following testimony as his defense:

   I am not guilty for two reasons. Procedurally, the order was issued on 1/13/04, but I didn't receive the restraining order until I received the RVR. I had no idea, I could not notify her employer (Citibank, New York City). After reviewing the restraining order, I have a lot of questions. The document appears to have been altered to suit this purpose of the complainant. The order was faxed from the complainants business with an area code ____ I assume from her place of business.

   There is no mention of writing "Employer" under "d" where it specifically states, "...shall have no personal, telephonic, or written contact with the persons named below."

                    SEE CDC 115 PART C HEARING/CONTINUATION

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| M.D. Thompson, Correctional Lieutenant | 1/14/05 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | C/O T. Marshall | 1/20/05 | 1100 |

CDC 115-C (5/95)                                                    OSP 99 25082

ATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

JLES VIOLATION REPORT - PART C

PAGE ___ OF ___

| C NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 7-37398 | MUHAMMAD | 04-48-12-042 | CSP-SQ | 01/07/05 |

[ ] SUPPLEMENTAL  [X] CONTINUATION OF:  [ ] 115 CIRCUMSTANCES  [X] HEARING  [ ] IE REPORT  [ ] OTHER _____

Under "e & f" where it specifically states, "...Shall not have contact with the protected persons named below."  I haven't been in contact or within 100 feet, I've been in here.

Under (6.) under Stay-away does not specifically state that I can not write her "Employer."  Place of Business is not synonymous with the employer.

Place of Business-defined as "Location where one performs ones financial duties."

I was representing myself as my own attorney ("pro per").

'INDING  NOT GUILTY of VIOLATION OF COURT RESTRAINING ORDER.

his finding is based upon the following preponderance of evidence:

.  This SHO, in review of the Restraining Order, notes in Section "d" of that document no specific condition that Muhammad could not write the complaintant's Corporate Headquarters.  That section only states that Muhammad cannot make contact by telephone, written, in person, or through a third party (except the attorney of record) the following:

                    , her Family, and or Friends, including               and

.  The order also states in #6, "Other Orders Including Stay-Away orders from locations: Protected Person's residences, Places of Business and Schools."  The SHO agrees with Muhammad that he did not violate any of these conditions of which the Restraining Order, and the document does not specifically deny him from contacting her place of business in writing.  If Muhammad were not to contact her place of business via correspondence, then it should have been included under Section "d."

ISPOSITION: Dismissed.  The SHO has no other choice but to find Muhammad Not Guilty and o dismiss the charges of violation of the Court Restraining Order.

nmate Muhammad was advised that the disposition of the Rules Violation Report would not ecome final until approved by the Chief Disciplinary Officer, at which time he will receive final copy of the completed CDC-115.  Inmate Muhammad was advised of his right to appeal he findings of this hearing, and the methods of appealing

fter review has been completed by the CDO, a copy of this disciplinary report will be ent to the Register of Institution Violations, the original copy of this disciplinary ill be given to the inmate and all other copies of this disciplinary will be destroyed. otice will be sent to Records staff to remove the CDC 804 from the Central file.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| M.D. Thompson, Correctional Lieutenant | 1/14/05 |

| [X] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) C/O T. Marshall | DATE SIGNED 1/20/05 | TIME SIGNED 1100 |
|---|---|---|---|

C 115-C (5/95)

OSP 99 25062

EXHIBIT #4

D4 - 43 - 12 - 042

A/W S.J. Mendoza

Not Guilty

June 19, 2008

Office of the clerk, U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA. 94102

*E-filing*

ATTN: Clerk of the Court

RE: Complaint – 42 U.S.C. Sec. 1983

Dear Clerk of the Court,

Enclosed, you will find a complaint (42 U.S.C. Sec. 1983) and accompanying exhibits.

On May 19, 2008, I met with CDC & R, C.S.P. CRC Correctional Counselor I Ward, at which time I submitted a Declaration for the purpose of obtaining certification of my institutional trust account funds. CC I Ward subsequently informed me that the trust account officer had refused to provide certification because I was a recent arrival; however, I was provided a certified CDR & "ITAS Trust Account Display" which I have enclosed.

Be advised that as I am extremely concerned with the compliance of the requisite statue of limitations, I have forwarded my complaint and request the immediate filing of the same. Additionally, I request that summons are issued and served upon all defendants.

Please acknowledge receipt of this correspondence at your earliest convenience.

Thank you very much for your assistance and consideration.

Sincerely,

*Malik Ali Muhammad*
Malik Ali Muhammad, V-37398


ENC:

T  IUM: TS3636   707                                    REPORT DATE: 06/11/08
                                                        PAGE NO:      1
                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                      CALIF. REHABILITATION CENTER
                      INMATE TRUST ACCOUNTING SYSTEM
                      INMATE TRUST ACCOUNT STATEMENT

          FOR THE PERIOD: MAR. 01, 2008 THRU JUN. 11, 2008

    JNT NUMBER : V37398              BED/CELL NUMBER: 4 0200000000027L
    JNT NAME   : MUHAMMAD, MALIK       ACCOUNT TYPE: I
    ILEGE GROUP: A
                        TRUST ACCOUNT ACTIVITY

      TRAN
      CODE   DESCRIPTION    COMMENT    CHECK NUM   DEPOSITS   WITHDRAWALS    BALANCE
    - ----   -----------    -------    ---------   --------   -----------   --------

    1/2008   BEGINNING BALANCE                                                0.00

    I D320 TRUST FUNDS T SATF    9715              33.23                     33.23
    0 FC02 DRAW-FAC 2      2ND    DRAW                          33.00         0.23
    5*VD54 INMATE PAYROL FAC4 05/08                 8.10                      8.33


                    * RESTITUTION ACCOUNT ACTIVITY

      SENTENCED: 06/07/04                    CASE NUMBER: 144082
    TY CODE: ALA                            FINE AMOUNT: $    800.00

    TE     TRANS.   DESCRIPTION                    TRANS. AMT.    BALANCE
    ----   ------   -----------                    -----------   --------

    1/2008   BEGINNING BALANCE                                    666.00

    6/08   VR54     RESTITUTION DEDUCTION-SUPPORT      9.00-      657.00

    * THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
    * IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.       *


                        TRUST ACCOUNT SUMMARY

     GINNING      TOTAL        TOTAL       CURRENT       HOLDS     TRANSACTIONS
     ALANCE     DEPOSITS    WITHDRAWALS    BALANCE      BALANCE    TO BE POSTED
    --------   ----------   -----------   ----------   ---------  ------------
       0.00       41.33        33.00         8.33         0.00         0.00
    --------   ----------   -----------   ----------   ---------  ------------

                                                            CURRENT
                                                           AVAILABLE
                                                            BALANCE
                                                          -----------
                                                              8.33
                                                          -----------
                                                          -----------



THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE

RECEIVED

N 26 PM 12: 5

ARD W. WILKING
U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

JUN 24 2008 PM

SANTA ANA, CA 9