United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK ALI MUHAMMAD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. RUBIA, Captain, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 08-3209 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISQUALIFY; DIRECTING CLERK TO REASSIGN CASE**<br><br>**(Docket No. 7)** |

On July 3, 2008, plaintiff, a California prisoner incarcerated at the California Rehabilitation Center and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. The complaint is now before the Court for an initial review of the allegations therein. See 28 U.S.C. § 1915A. Also pending before the Court is plaintiff's motion, filed December 29, 2008, to disqualify the undersigned from presiding over the instant matter. For the reasons discussed below, the Court will grant the motion to disqualify and direct the Clerk of the Court to reassign the case to another judge.

I.　Standard of Review

A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455.

Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice

either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief. See 28 U.S.C. § 144. A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

By contrast, § 455 provides broader grounds for disqualification and is self-enforcing on the part of the judge. In particular, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," id. § 455(b)(1).[1]

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. See Sibla, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, recusal will be justified either by actual bias or the appearance of bias. Id.

As the test for personal bias or prejudice is identical under both statutes, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well as under § 144. Sibla, 642 F.2d at 867. If, therefore, after considering all the circumstances, the judge declines to grant recusal under the self-enforcing provisions of § 455(a) and (b)(1), the judge still must determine the legal sufficiency of the affidavit filed pursuant to § 144. See id. at 868.

II.     Plaintiff's Affidavit

Plaintiff moves to disqualify the undersigned on the ground that "an appearance of impropriety" will be created should the undersigned continue to preside over the instant

---

[1] The Ninth Circuit holds that § 455(b)(1) simply provides a specific example of a situation in which a judge's "impartiality might reasonably be questioned" under § 455(a). Sibla, 624 F.3d at 867. Thus, where a party does not allege grounds for recusal other than those relating to bias or prejudice, the same substantive standard is applied under § 455(a) and § 455(b)(1). See id.

2

1 action. (Mot. at 1:27-28.) In support of his motion, plaintiff has filed an affidavit in which

2 he asserts the following:[2]

> During the period of July 1977 through April 1978, [plaintiff] was employed in the capacity of Deputy District Attorney in and for the City and County of San Francisco, California.
>
> During the above-stated period (July 1977-April 1978), the Honorable Maxine M. Chesney was also employed as a Senior Deputy District Attorney in and for the City and County of San Francisco, California and as a result thereof, performed in a supervisory capacity in relation to plaintiff.
>
> During the course of the supervisory/subordinate employment relationship between the Honorable Judge Chesney and plaintiff, Malik Ali Muhammad, the two became embroiled in multiple verbally confrontational disagreements regarding the work performance of the latter.
>
> Therefore, it is the reasonable and good-faith belief of plaintiff that he will be unable to obtain a fair and impartial hearing before Judge Chesney.
>
> Wherefore, plaintiff respectfully request[s] that Judge Chesney disqualify herself from presiding in this action.

(Aff. at 2:9-3:6.)

III.  Discussion

The Court first addresses § 455 and considers whether, based on the allegations in plaintiff's affidavit, there is any basis for determining that the Court's impartiality might reasonably be questioned. In particular, "[s]ection 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (quotation and citation omitted). The "reasonable person" in this context means a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." Id. Under § 455(1) and (b)(1), recusal is required only if the bias or prejudice is directed against a party and stems from an extrajudicial source. Sibla, 624 F.2d

---

[2] Neither plaintiff's affidavit nor the motion to disqualify is verified or signed under penalty of perjury. Nevertheless, despite plaintiff's failure to comply with the technical requirements for filing an affidavit, the Court will consider the legal sufficiency of the facts alleged therein. See Alvarado Morales v. Digital Equip. Corp., 699 F. Supp. 16, 17 (D.P.R. 1988) (holding court had duty to decide motion to disqualify even though motion was technically deficient because it was not accompanied by timely and sufficient affidavit or certificate of counsel stating motion was made in good faith).

3

at 869.

For the reasons set forth in the declaration attached hereto, the Court is satisfied that it holds no bias or prejudice against the plaintiff herein. Nevertheless, as a reasonable person might conclude that the facts alleged by plaintiff create an appearance of bias or prejudice, the Court, in an abundance of caution, will grant the motion to disqualify under § 455(a) and (b)(1). Consequently, the Court does not determine whether the affidavit is legally sufficient to require assignment of plaintiff's motion to another judge for decision under § 144.

## CONCLUSION

For the foregoing reasons, plaintiff's motion, under 28 U.S.C. § 455, to disqualify the undersigned from presiding over the instant matter is hereby GRANTED, and the Court hereby RECUSES itself in the above-titled action. The Clerk of the Court is hereby DIRECTED to reassign the case to another judge.

This order terminates Docket No. 7.

IT IS SO ORDERED.

DATED: February 5, 2009

MAXINE M. CHESNEY
United States District Judge