IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIK ALI MUHAMMAD, | ) | No. C 08-3209 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| J. RUBIA, Captain, et al., | ) | (Docket No. 3) |
| Defendants. | ) | |

Plaintiff, a prisoner of the State of California currently incarcerated at California Rehabilitation Center in Norco, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that during the course of his prior incarceration at San Quentin State Prison, prison officials conspired with private individuals to wrongly accuse Plaintiff of a serious rules violation, resulting in his being held in prison for approximately three weeks past his release date of December 22, 2004, until he was found not guilty of the rules violation and released on January 12, 2005. He seeks monetary damages.

The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it as barred by the applicable statute of limitations.

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claim

Plaintiff's claims cannot go forward because they are barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). Here, Plaintiff has been granted leave to proceed in forma pauperis and, for the reasons discussed below, the Court finds, from the face of Plaintiff's complaint, the statute of limitations is a complete and obvious defense to the claims raised herein.

Section 1983 does not contain its own limitations period. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999). Effective January 1, 2003, California's general residual

2

statute of limitations for personal injury actions is two years; prior to that date, the limitations period for such actions was one year. *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Additionally, a federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). In California, incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1. Tolling under section 352.1 is triggered by the plaintiff's arrest and incarceration. *See Elliott*, 25 F.3d at 802-03. Once the prisoner is released from incarceration, however, the statute of limitations starts to run again, and tolling will not be reinstated by subsequent incarceration. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982) (holding disability of imprisonment ceased upon prisoner's release on parole and was not reinstated by reincarceration), *cert. denied*, 459 U.S. 849 (1982); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir. 1957) (holding statute of limitations not tolled after prisoner released).

      A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of that cause of action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. Here, Plaintiff alleges he was injured by events that took place between December 22, 2004 and January 12, 2005; thus, Plaintiff's claims of injury accrued no later than January 12, 2005. If Plaintiff remained incarcerated for at least two years thereafter, under California law Plaintiff had, at most, four years from the date on which his claims accrued in which to file his complaint against the instant defendants. Plaintiff, however, was released from prison on January 12, 2005. Consequently, the two-year statute of limitations began to run on that date, and Plaintiff was required to file his complaint by no later than January 12, 2007. Plaintiff did not file the instant action until July 3, 2008.

      As Plaintiff filed his complaint, at a minimum, more than one year after the statute of limitations had expired, the instant action is time-barred. The Court further

finds Plaintiff's complaint, when read with the requisite liberality, contains no allegation that would suggest Plaintiff is able to show he is entitled to any period of statutory tolling other than that discussed above. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 683 (9th Cir. 1980) (holding complaint may be dismissed on statute of limitations grounds where allegations therein, even when read with required liberality, would not permit plaintiff to prove statute was tolled). Accordingly, the complaint will be dismissed as barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED with prejudice. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: May 14, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MALIK ALI MUHAMMAD,

        Plaintiff,

  v.

J. RUBIA et al,

        Defendant.

Case Number: CV08-03209 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malik Ali Muhammad
California Rehabilitation Center 402-27L
V-37398
P.O. Box 3535
Norco, CA 92860

Dated: May 14, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk