1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    MALIK ALI MUHAMMAD                    )      No. C 08-3209 JSW (PR)
                                           )
9                     Plaintiff,           )      **ORDER REOPENING**
                                           )      **CASE AND DISMISSING**
10        vs.                              )      **CASE FOR FAILURE TO**
                                           )      **STATE A CLAIM FOR**
11   J. RUBIA, Captain, et al.,            )      **RELIEF**
                                           )
12                    Defendants.          )
                                           )
13                                         )      (Docket No. 17)
                                           )
14   _____      )

15        Plaintiff, a prisoner of the State of California currently incarcerated at California

16   Rehabilitation Center in Norco, California, filed a pro se civil rights complaint under

17   42 U.S.C. § 1983 alleging that during the course of his prior incarceration at San

18   Quentin State Prison, prison officials conspired with private individuals to wrongly

19   accuse Plaintiff of a serious rules violation, of which he was ultimately found not

20   guilty.  He seeks injunctive relief and damages.

21        The Court initially reviewed the complaint pursuant to 28 U.S.C. § 1915A and

22   dismissed it as barred by the applicable statute of limitations (docket no. 15).

23   Thereafter, Plaintiff filed a motion to amend judgment pursuant to Federal Rule of

24   Civil Procedure 59(e) (docket no. 17).  In the motion, Plaintiff asserts that this Court

25   erroneously determined that Plaintiff had been released from prison and, therefore, the

26   complaint should not have been dismissed, as Plaintiff was entitled to the benefit of

27   tolling for two years, based on his incarceration.  Based on the Court's mistake,

28   Plaintiff's motion is GRANTED and the Clerk is directed to reopen the instant matter

(docket no. 17).  The Court now reviews the  pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a claim upon which relief may be granted.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Plaintiff here claims that in December, 2004, private individuals at Citibank conspired with prison officials Rodesillas, Rubia and Tyler to deny him his rights in connection with a disciplinary proceeding that alleged that he had violated an order of protection of the victim of his criminal case by sending a letter to her employer in violation of the criminal court's protective order.  In the complaint, Plaintiff alleges that he was issued a disciplinary serious rules violation report on December 28, 2004 after prison authorities contacted the victim to advise her of his pending release and learned from her that Plaintiff had contacted her employer and violated an order.  Plaintiff alleges that the disciplinary hearing was held on January 7, 2005, after which he was found "not guilty" of the alleged disciplinary violation.

Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff*'s procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87.

California's regulations concerning discipline provide explicit standards that narrowly fetter official discretion. Under California Code of Regulations title 15,

section 3320(l), officials must find that a preponderance of the evidence substantiates the charge before guilt may be found and punishment assessed.  Absent such a finding the inmate may not be placed in isolation nor segregation, nor assessed good-time credits.  *See also* Cal. Code Regs. tit. 15, § 3320(a) (requiring notice); *id.* § 3320(b) (requiring hearing).  Because a prisoner may not be disciplined unless explicit substantive and procedural requirements are met, the disciplinary standards and procedures meet the "narrowly restrict" prong of the *Sandin* test.  *See Walker v. Sumner*, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations, which are similar to California's, create liberty interest).

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in *Sandin*.  "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.  In determining whether a restraint is an "atypical and significant hardship," *Sandin* suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence.  *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).  Here, the Court notes that Plaintiff was found not guilty of the disciplinary rules violation and, as a result, did not suffer a deprivation of a protected liberty interest.  Therefore, his complaint fails to state a claim for relief for violation of his due process rights.

The Court further notes that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

While Plaintiff makes passing reference to violations of his right to access the courts and equal protection rights, the complaint fails to set forth any non-conclusory allegations in support of such claims. As such, the complaint is dismissed for failure to state a claim for relief.

### CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED without prejudice to Plaintiff pursuing his state law claims in the state courts. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: <u>March 29, 2010</u>

_____
**JEFFREY S. WHITE**
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MALIK ALI MUHAMMAD,                              Case Number: CV08-03209 JSW

        Plaintiff,                              **CERTIFICATE OF SERVICE**

  v.

J. RUIBIA et al,

        Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malik Ali Muhammad
California Rehabilitation Center 402-27L
V-37398
P.O. Box 3535
Norco, CA 92860

Dated: March 29, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

6